UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

NICOLE CROSS,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD. d/b/a
ROYAL CARIBBEAN GROUP,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, NICOLE CROSS, is a citizen of Utah.

2. Defendant, ROYAL CARIBBEAN CRUISES LTD. d/b/a ROYAL CARIBBEAN GROUP, is a foreign entity foreign entity incorporated under the laws of Liberia with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

- 2 -

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state; and

    f. Defendant, as a common carrier, was engaged in the business of providing to the public, and to Plaintiff in particular, for compensation, vacation cruises aboard its vessels.

5. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

6. At all times material hereto, the causes of action asserted in this Complaint arise under the general maritime law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel *Quantum of the Seas* (hereinafter "the subject vessel").

8. At all times material hereto, Defendant had exclusive custody and control of the subject vessel.

9. On or about September 12, 2022, Plaintiff was a fare-paying passenger on the subject vessel, which was in navigable waters.

10. On or about September 12, 2022, Plaintiff was walking on the pool deck aboard the subject vessel ("the subject area") when she slipped and fell on a wet, unreasonably slippery, slick and/or hazardous flooring surface and suffered severe injuries including, but not limited to, a fractured fibula.

11. The subject area constituted a dangerous condition for reasons that include, but were not limited to:

    a. The subject area contained a wet, slick, dirty and/or unreasonably slippery foreign substance which made the flooring surface slippery and/or unreasonably slippery when

so contaminated;

b. The flooring surface of the subject area was slippery and/or unreasonably slippery, even without being contaminated by the foreign substance(s) outlined above; and/or

c. Defendant failed to place signs and/or warnings in or around the subject area, which could have reasonably communicated to Plaintiff the foreign substance on the floor, outlined above, and/or the unreasonably slippery nature of the flooring surface in the subject area.

12. Prior to the subject incident, Defendant knew and/or should have known of the dangerous condition(s) outlined above for reasons that include, but were not limited to:

a. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, Defendant's crewmembers were standing within a close distance to the subject area and/or were actively monitoring same for slipping hazards, per Defendant's policies and procedures, and did and/or should have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but did not take appropriate remedial measures to prevent the Plaintiff's incident;

b. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, the wet, slick and/or liquid substance upon which Plaintiff slipped was dirty, and as such, appeared to have been present on the floor for a sufficient amount of time, such that, Defendant's crewmembers who were standing within a close distance to the subject area, did and/or should have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but did not take appropriate remedial measures to prevent the Plaintiff's incident;

c. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, Defendant had installed video cameras to monitor the subject area, and had Defendant reasonably monitored the subject area via those cameras, Defendant did and/or would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but Defendant did not take appropriate remedial measures to prevent the Plaintiff's incident; and/or

d. As per Defendant's policies and procedures, Defendant's crewmember did and/or should have continuously monitored the flooring surface of the subject area to identify and remedy hazardous conditions; had Defendant and/or its crewmembers reasonably complied with those policies and procedures, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but Defendant did not take appropriate remedial measures to prevent the Plaintiff's incident.

## COUNT I – NEGLIGENT FAILURE TO WARN

The Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

13. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

14. At all times material hereto, it was the duty of Defendant to warn passengers, like Plaintiff, of dangers that were known, or reasonably should have been known, to Defendant in places where passengers, like Plaintiff, are invited to or may reasonably be expected to visit.

15. On or about September 12, 2022, Plaintiff was on the pool deck aboard Defendant's vessel. This is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

16. On or about the above date, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to warn passengers and the Plaintiff of the wet, slippery and/or hazardous condition of the subject area;

   b. Failure to warn passengers and the Plaintiff of the risks and/or dangers associated with the wet, slippery and/or hazardous condition of the subject area;

   c. Failure to warn passengers and the Plaintiff of other slip-and-fall incidents previously occurring in same area, same deck and/or same flooring surface; and/or

   d. Failure to warn passengers and the Plaintiff of lack of and/or failure to enforce inspection, monitoring and cleaning procedures to ensure the floor was reasonably safe for passengers to walk upon.

17. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have walked on the wet, slippery and/or hazardous flooring surface had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

18. At all times material hereto, the surface of the subject area was wet, slippery and/or hazardous and unreasonably dangerous.

19. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to warn Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject area and/or through prior incidents involving passengers injured on the same or similar flooring surface. *See*, *Yungel v. Royal Caribbean Cruises Ltd.*, 20-cv-24090 (S.D. Fla 2020); *McGoodwin v. Royal Caribbean Cruises Ltd.*, 20-cv-21283 (S.D. Fla 2020); *Seema Mehta, Individually and as Mother and Natural Guardian of R.M., a minor v. Royal Caribbean Cruises, Ltd.*, 15-cv-24735 (S.D. Fla 2015).

20. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN

The Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

21. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

22. At all times material hereto, it was the duty of Defendant to maintain the walkways on the pool deck in a reasonably safe condition.

23. On or about the above date, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to regularly and adequately inspect the subject area to determine whether it was unreasonably wet, slippery and/or hazardous;

   b. Failure to regularly and adequately clean the subject area;

   c. Failure to maintain the walkways near the subject area in a reasonably safe condition in light of the anticipated use of the area;

   d. Failure to maintain the subject flooring surface in a reasonably safe condition if/when the floor became wet, slippery and/or hazardous, including, but not limited to, closing off the areas that were dangerously slippery, placing signage to caution passengers of hazardous areas and/or directing passengers to alternative safe areas; and/or

   e. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to inspecting and/or maintaining walkways to prevent slip-and-fall incidents.

24. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

25. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should

- 7 -

have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject area and/or through prior incidents involving passengers injured on the same or similar flooring surface. *See*, *Yungel v. Royal Caribbean Cruises Ltd.*, 20-cv-24090 (S.D. Fla 2020); *McGoodwin v. Royal Caribbean Cruises Ltd.*, 20-cv-21283 (S.D. Fla 2020); *Seema Mehta, Individually and as Mother and Natural Guardian of R.M., a minor v. Royal Caribbean Cruises, Ltd.*, 15-cv-24735 (S.D. Fla 2015).

26. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT III – GENERAL NEGLIGENCE

The Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

27. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

28. On or about the above date, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

  a. Failure to close off the wet, slippery and/or hazardous subject area;

  b. Failure to instruct passengers and the Plaintiff concerning footwear;

  c. Failure to correct hazardous conditions following other slip-and-fall incidents on the same area, same deck and/or same flooring surface;

  d. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to preventing slip-and-fall incidents;

  e. Failure to utilize reasonably safe flooring surface in light of the anticipated purpose of the deck;

  f. Failure to have a non-slip or non-skid flooring surface on or around the subject area;

  g. Failure to place rubber mats or other non-slip coverings on or around the subject area; and/or

  h. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface before opening it up to passengers and the Plaintiff.

29. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

30. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject area and/or through prior incidents involving passengers injured on the same or similar flooring surface. *See*, *Yungel v. Royal Caribbean Cruises Ltd.*, 20-cv-24090 (S.D. Fla 2020); *McGoodwin v. Royal Caribbean Cruises Ltd.*, 20-cv-21283 (S.D. Fla 2020); *Seema Mehta, Individually and as Mother and Natural Guardian of R.M., a minor v. Royal Caribbean Cruises, Ltd.*, 15-cv-24735 (S.D. Fla 2015).

31. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life,

- 9 -

disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Ste 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:   */s/ Carol Finklehoffe*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**CAROL L. FINKLEHOFFE**
Florida Bar No. 0015903
cfinklehoffe@lipcon.com